UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>APISIT LEWIS | Case No. 1:20mj108<br><br><br><u>**Filed Under Seal**</u> |

### GOVERNMENT'S MOTION TO SEAL COMPLAINT, ARREST WARRANT, AND AFFIDAVIT PURSUANT TO LOCAL RULE 49(B)

The United States, by and through undersigned counsel, pursuant to Local Rule 49(B) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, asks for an Order to Seal the complaint, the arrest warrant, and the affidavit in support of the arrest warrant until the arraignment of Apisit Lewis.

**I.   REASONS FOR SEALING (Local Rule 49(B)(1))**

1. The complaint, arrest warrant, and affidavit in support of the arrest warrant application discloses significant detail into an ongoing investigation of a crime where the defendant and potential codefendants are not in custody. Premature disclosure of the contents of this complaint, arrest warrant, and this affidavit and related documents may have a significant and negative impact on the continuing investigation and may severely jeopardize its effectiveness.

2. Premature disclosure of these details might jeopardize an ongoing criminal investigation and cause the destruction of evidence or hinder our ability to interview witnesses. It might also threaten our ability to locate additional evidence of this import of firearm parts.

II. **REFERENCES TO GOVERNING CASE LAW** (Local Rule 49(B)(2))

3. The Court has the inherent power to seal these documents. See United States v. Wuagneux, 683 F.2d 1343, 1351 (11th Cir. 1982); State of Arizona v. Maypenny, 672 F.2d 761, 765 (9th Cir. 1982); Times Mirror Company v. United States, 873 F.2d 1210 (9th Cir. 1989); see also Shea v. Gabriel, 520 F.2d 879 (1st Cir. 1975); United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980); In re Braughton, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984). Sealing indictments, summons, and search warrants is appropriate where there is a substantial probability that the release of the sealed documents would compromise the government's on-going investigation severely. See e.g. In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d 569, 574 (8th Cir. 1988); Matter of Eye Care Physicians of America, 100 F.3d 514, 518 (7th Cir. 1996); Matter of Flower Aviation of Kansas, Inc., 789 F.Supp. 366 (D. Kan. 1992).

III. **PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL** (Local Rule 49(B)(3))

4. The complaint, arrest warrant, and affidavit in support of the arrest warrant would need to remain sealed until Apisit Lewis is arraigned. The United States will move to unseal the sealed materials as soon as sealing is no longer necessary.

5. The United States has considered alternatives less drastic than sealing and has found none that would suffice to protect this investigation.

WHEREFORE, the United States respectfully requests that the complaint, arrest warrant, and the affidavit in support of the arrest warrant, and this Motion to Seal and proposed Order be sealed until Apisit Lewis is arraigned.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: /s/ Nicholas J. Patterson
Nicholas J. Patterson
Assistant United States Attorney