

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 1:20-cr-120 |
| ) | |
| APISIT LEWIS, ) | |
|     Defendant. ) | |

## STATEMENT OF FACTS

The parties stipulate that the allegations in the Indictment and the following facts are true and correct, and that had the matter gone to trial the United States would have proven them beyond a reasonable doubt.

1. On or about March 13, 2020, in the Eastern District of Virginia, the defendant, APISIT LEWIS, knowingly received and possessed firearms, namely, 12 silencers that were seized attached to firearms and 31 additional complete and incomplete silencers, none of which were registered to him in the National Firearms Registration and Transfer Record.

2. From on or about January 29, 2020, through on or about February 9, 2020, federal law enforcement officers seized 17 unfinished silencers destined for LEWIS's residence. The silencers were contained in four separate packages shipped from China, addressed to LEWIS's residence, and manifested as automobile parts.

3. On March 13, 2020, Homeland Security Investigations special agents executed a search warrant on LEWIS' residence in Manassas, Virginia, within the Eastern District of Virginia. During the search of the residence, HSI agents seized 43 complete and incomplete suppressors, none of which bore serial numbers or were otherwise registered in the National Firearms Registration and Transfer Record. The search also resulted in the seizure of parts for making

silencers; firearms that were used with these silencers—many of which had threaded barrels to allow attachment of a silencer onto .22 caliber weapons; firearms that required registration under the National Firearms Act or were being made into such firearms; parts for making such firearms; and machines for making silencers and National Firearms Act firearms. Among the items seized were a Ruger Mark-IV pistol with stock and suppressor, bearing serial number 500075234; a Marlin .22 caliber rifle, bearing serial number RB37731A; a Ruger 10-20 rifle with suppressor, bearing serial number 82107790; an Anderson Manufacturing .223 caliber rifle with a brace, bearing serial number 31974F13; a Savage Arms rifle with threaded barrel, bearing serial number H86149; an Aero Precision AP15 Warne 17-HMR rifle, bearing serial number US44725; a Thompson Center TCR .22 caliber rifle with threaded barrel, bearing serial number JLM7441; a Savage rifle with threaded barrel 300 AAC Blackout, bearing serial number H886180; a Savage Arms MDT LSS-.22 caliber rifle with threaded barrel, bearing serial number 3348457; a Smith and Wesson .22 caliber pistol with threaded barrel, bearing serial number UEB2371; a gun manufacturing jig used to control the location and/or motion of parts or other tools; a Microlux drill press; a MX210V variable speed lathe; a pistol manufacturing jig; long gun parts; 146 miscellaneous metal parts used for making firearms, including baffles and tubes to make silencers; and miscellaneous weapons parts.

4. After being read his rights, LEWIS agreed to speak with law enforcement. LEWIS admitted that he had purchased the suppressors from Alibaba and eBay. He also stated that he had ordered more than 30 suppressors. He stated that prior to ordering the suppressors he knew that he needed a license to possess and manufacture them. LEWIS also admitted that he had sold three suppressors to other individuals whom he knew for .22 caliber weapons, and stated that he had sold the suppressors to these individuals at cost.

5. The silencers/suppressors that LEWIS received and possessed are firearms within the meaning of 26 U.S.C. § 5845(7) and 18 U.S.C. § 921(a)(3)(C).

6. The acts taken by the defendant, LEWIS, in furtherance of the offense charged in this case, receiving and possessing unregistered firearms, in violation of 26 U.S.C. § 5861(d), including the acts described above, were done willfully with the specific intent to violate the law. The defendant acknowledges the foregoing statement of facts does not describe all of the defendant's conduct relating to the offense charged in this case.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: _____
Nicholas J. Patterson
Ronald L. Walutes, Jr.
Assistant United States Attorneys

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, Apisit Lewis, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
Apisit Lewis

I am Apisit Lewis's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Farheena Siddiqui, Esquire
Attorney for Apisit Lewis

4838-2168-8257, v. 1