IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 1:20CR00120 |
| v. | ) | |
| | ) | Sentencing Date: December 13, 2020 |
| APISIT LEWIS, | ) | |
| Defendant. | ) | The Honorable T.S. Ellis, III |

**POSITION OF THE UNITED STATES
WITH RESPECT TO SENTENCING**

The United States of America, through its attorneys, G. Zachary Terwilliger, United States Attorney; Nicholas J. Patterson and Ronald L. Walutes, Jr., Assistant United States Attorneys, and in accord with 18 U.S.C. § 3553(a) and the United States Sentencing Commission, *Guidelines Manual,* § 6A (Nov. 2014), files this Position of the United States with Respect to Sentencing in the instant case. The United States asks the Court to impose a sentence within the properly calculated guidelines in this case (18 to 24 months). Such a guideline sentence appropriately accounts for each of the factors set forth in 18 U.S.C. § 3553(a). The detailed statement of facts in this case is based upon a thorough investigation conducted by the Department of Homeland Security and captures the extensive production of silencers for firearms by Lewis.

**BACKGROUND**

1. On or about March 13, 2020, in the Eastern District of Virginia, the defendant, Apisit Lewis, knowingly received and possessed 12 silencers that were seized attached to firearms and 31 additional complete and incomplete silencers, none of which were registered to him in the National Firearms Registration and Transfer Record.

2.      From on or about January 29, 2020, through on or about February 9, 2020, federal law enforcement officers seized 17 unfinished silencers destined for Lewis' residence. The silencers were contained in four separate packages shipped from China, addressed to Lewis' residence, and manifested as automobile parts.

3.      On March 13, 2020, law enforcement executed a search warrant on Lewis' residence in Manassas, Virginia. During the search of the residence, agents seized 43 complete and incomplete suppressors, none of which bore serial numbers or were otherwise registered in the National Firearms Registration and Transfer Record. The search also resulted in the seizure of parts for making silencers; firearms that were used with these silencers—many of which had threaded barrels to allow attachment of a silencer onto .22 caliber weapons; firearms that required registration under the National Firearms Act or were being made into such firearms; parts for making such firearms; and machines for making silencers and National Firearms Act firearms.

4.      Some of these silencers were used to hunt out of season, conduct for which the defendant was subsequently charged in the Commonwealth of Virginia. Lewis is a Colonel in the United States Army. Lewis has been cooperative with law enforcement as they sought to identify to whom a couple of these silencers were transferred to and to understand the conduct in this case. He admitted his criminal conduct when first confronted and has remained cooperative with law enforcement. He has not sought to minimize his criminal conduct as to the importation and tooling of the silencers in this case.

**ARGUMENT**

I.    **Applicable Sentencing Law**

The Sentencing Guidelines promulgated by the Sentencing Commission are advisory,

although sentencing courts "must consult those Guidelines and take them into account when sentencing." *United States v. Booker*, 543 U.S. 220, 264, 125 S. Ct. 738, 767 (2005). "The Guidelines require the district judge to give due consideration to the relevant sentencing range. . . ." *Freeman v. United States*, 131 S. Ct. 2685, 2692 (2011) (plurality opinion). In "the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Kimbrough v. United States*, 552 U.S. 85, 109, 128 S. Ct. 558, 574 (2007) (quoting *Rita v. United States*, 551 U.S. 338, 350, 127 S. Ct. 2456, 2465 (2007)). Accordingly, a "district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005).

The "'Guidelines should be the starting point and the initial benchmark,' keeping in mind that a sentencing court 'may impose sentences within statutory limits based on appropriate consideration of all of the factors listed in § 3553(a), subject to appellate review for reasonableness.'" *Pepper v. United States*, 131 S. Ct. 1229, 1241 (2011). Although "the Guidelines are advisory rather than mandatory, they are . . . the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Gall v. United States*, 552 U.S. 38, 46, 128 S. Ct. 586, 594 (2007). A sentencing court, therefore, "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a), explaining any variance from the former with reference to the latter." *Nelson v. United States*, 555 U.S. 350, 351, 129 S. Ct. 890, 891-92 (2009).

Section 3553(a) states that the court should consider the nature and circumstances of the offense and characteristics of the defendant.  In addition, the court must consider other factors, including the need for the sentence "to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct."  18 U.S.C. § 3553(a)(2)(A) & (B).  The court should also consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.  18 U.S.C. § 3553(a)(6).

## II.     A Guideline Sentence is Consistent with the Factors and Considerations Set Forth in 18 U.S.C. § 3553(a) and (b).

Section 3553(a) requires a sentencing court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to:   reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

*Nature and Circumstances of the Offense*:   Applying these sentencing factors to the facts of this case demonstrates that a guideline sentence is both appropriate and reasonable.  It is also important that the defendant's sentence deter others from committing similar crimes.  *See United States v. Miller*, 484 F.3d 964, 967-68 (8th Cir. 2007) ("general deterrence . . . is one of the key purposes of sentencing . . . .").

*History and Characteristics of Defendant*:

Lewis understood he was breaking the law when he took steps to disguise the shipments from China without obtaining a license from the U.S. government.  Silencers are commercially

available from licensed firearms dealers in the Commonwealth of Virginia if the appropriate fees are paid and licenses obtained. That this defendant imported "fuel filters" and used his lathe to convert them into homemade silencers demonstrates the defendant's awareness that he was violating the law by avoiding obtaining the proper licenses (something he admitted when questioned during the search). A guideline sentence in this case would deters others who would seek to make homemade silencers using inexpensive imports from China to silence their weapons.

## **CONCLUSION**

For the above-stated reasons, the United States submits that a guideline sentence is appropriate and necessary to protect the community and promote respect for the law and accounts for each of the factors set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

/s/
Nicholas J. Patterson
Ronald L. Walutes, Jr.
Assistant United States Attorneys
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3910
Email Address: ron.walutes@usdoj.gov

# CERTIFICATE OF SERVICE

       I hereby certify that on the 5th day of November, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

  Farheena Siddiqui, Esquire

And I hereby certify that I have sent the foregoing by email to the following individual:

Jennifer D. Lyerly
U.S. Probation Officer
Jennifer_Lyerly@vaep.uscourts.gov

                                    /s/
                                    Ronald L. Walutes, Jr.
                                    Assistant United States Attorney
                                    Attorney for the United States of America
                                    United States Attorney's Office
                                    Justin W. Williams U.S. Attorney's Building
                                    2100 Jamieson Avenue
                                    Alexandria, Virginia 22314
                                    Phone:   703-299-3910
                                    Fax: 703-739-9556
                                    Email Address: ron.walutes@usdoj.gov